IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA

v.　　　　　　　　　　　　　　　　CRIMINAL ACTION NO. 1:05CR107-2

SCOTT JONES,
　　　　　Defendant.

**ORDER/OPINION**

On the 15th day of February, 2006, came the United States of America by Shawn Angus Morgan, Assistant United States Attorney, and also came the defendant, Scott Jones, in person and by his counsel, James B. Zimarowski, for hearing on the Petition for Action on Conditions of Pretrial Release alleging that Jones violated Condition #7(p) of his Conditions of Release.

**I. Procedural History**

On November 23, 2005, Defendant Scott Jones was released on conditions set by Order. On February 6, 2006, pre-trial services officer Mark E. McKee filed a "Petition for Action on Conditions of Pretrial Release" alleging Defendant violated condition # 7(p) of the Order. By Order dated February 6, 2006, United States Magistrate Judge John S. Kaull directed Defendant be arrested and brought before the Court to answer the allegations made against him in the Petition.

Defendant was arrested pursuant to the Court's order on February 8, 2006. A hearing was held on the Petition for Action on Conditions of Pretrial Release before the undersigned on February 15, 2006. Defendant appeared in person and by his counsel, James B. Zimarowski. The United States appeared by Shawn Angus Morgan, its Assistant United States Attorney.

II. Contentions

The Petition alleges that Defendant:

1. Violated Condition No. 7(p) of the Order Setting Conditions of Release which required Defendant to refrain from any use or unlawful possession of a narcotic drug and other controlled substances unless prescribed by a licensed medical practitioner.

The Petition alleges:

On January 6, 2006, during a home visit, the defendant, Scott Jones, furnished a urine specimen which tested positive for cocaine and marijuana. He signed [a] Positive Urinalysis Test Acknowledgment form admitting to having used cocaine on or prior to the date the urinalysis specimen was provided, but denied the use of marijuana. The specimen was forwarded to Scientific Testing Laboratories (STL) requesting a confirmation testing for cocaine and marijuana. The STL result was received on January 20, 2006 and the result was confirmed positive for cocaine but was returned negative for marijuana . . . .

On January 31, 2006, during an office visit, the defendant, Scott Jones, furnished a urine specimen which tested positive for cocaine and marijuana. He signed [a] Positive Urinalysis Test Acknowledgment form admitting to having used cocaine on or prior to the date the urinalysis specimen was provided, but once again denied the use of marijuana. The specimen was forwarded to Scientific Testing Laboratories (STL) requesting a confirmation testing for cocaine and marijuana. The lab result is pending . .. .

Also, it is noted that during the home visit, two drug smoking devices were seized. The defendant readily admits to using crack cocaine and is requesting inpatient drug treatment. The defendant and his co-defendant girlfriend, Amanda Smith, currently have an open case with the Department of Health & Human Services (DHHR) concerning the care of their children. They have visitation through the DHHR to see their children 1 hour a week. DHHR referred the defendant to Levin and Associates for psychological evaluation in January, 2005, and has arranged for the defendant to receive outpatient substance abuse counseling at Levin and Associates. After consulting with the probation officer, psychologist Martin Levin, of Levin and Associates, is referring the defendant to the ACT Unit in Fairmont, West Virginia for inpatient substance abuse treatment.

Prior to the taking of evidence, Defendant waived the hearing, admitting he had violated his conditions of release, and admitting he had used cocaine prior to the positive drug tests on

January 6, and January 31, 2006.

From the colloquy between the Court and the defendant, the Court concludes Defendant's decision to waive the hearing was knowingly and voluntarily made.

Defendant then requested the Court allow him 24 hours to get his affairs in order before revoking his bond. The Court DENIED that request.

### III. Findings Of Fact

Based on the testimony presented at the hearing held February 15, 2006, and the docket record as the same existed on February 15, 2006, the undersigned makes the following findings of fact:

1) Defendant was placed on conditional release by Order dated November 23, 2005.

2) Condition No. 7(p) of the Order Setting Conditions of Release required Defendant to refrain from any use or unlawful possession of a narcotic drug or other controlled substance unless prescribed by a licensed medical practitioner.

3) Defendant was released from federal custody on November 23, 2005, pursuant to the Order Setting Conditions of Release.

4) Defendant signed an acknowledgment that he was aware of the conditions of his release, was aware of the penalties and sanctions for violations of his conditions of release, and promised to obey his conditions of release.

5) Defendant is Pretrial Services Officer Mark E. McKee's assigned supervisee.

6) On January 6, 2006, Defendant furnished a urine sample which tested positive for cocaine.

7) Defendant admitted to using cocaine prior to the drug test.

8) On January 31, 2006, Defendant furnished a urine sample that preliminarily tested positive

for cocaine and marijuana. Confirmation is still pending.

9) Defendant admitted to using cocaine prior to the drug test, but denied using marijuana.

10) Two drug smoking devices were seized from Defendant's residence.

IV. Conclusion

Upon consideration of all the evidence, the undersigned concludes there is clear and convincing evidence that Defendant, Scott Jones, violated condition No. 7 (p) of the Order Setting Conditions of Release entered November 23, 2005.

Based on the factors set forth in 18 U.S.C. §3142(g) and the clear and convincing evidence presented at the hearing, the undersigned finds Scott Jones is unlikely to abide by any condition or combination of conditions of release. Defendant's Motion for a 24-hour Release is **DENIED**.

It is therefore **ORDERED** that the release of Defendant Scott Jones on conditions is **REVOKED** and that Defendant is hereby **REMANDED** to the custody of the United States Marshal pending further proceedings in this case.

The Clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Probation Officer.

DATED: February 15, 2006

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE