**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**UNITED STATES OF AMERICA,**
  **Plaintiff,**

   v.            **Criminal Action No. 1:05CR107-2**

**SCOTT WILLIAM JONES,**
  **Defendant.**

## REPORT AND RECOMMENDATION/OPINION

  This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal rule of Criminal Procedure 11. On the 10th day of February, 2006, came the United States of America and Thomas Johnston, United States Attorney for the Northern District of West Virginia, by Shawn Angus Morgan, Assistant United States Attorney, and also came the Defendant in person and by his attorney, James Zimarowski.

  Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to Count Three of the Indictment.

  Counsel for the Government advised the Court that the agreement to plead guilty in this case had been reduced to a written plea agreement which the Court had counsel for the Government summarize for the Court in the presence of Defendant. Counsel for Defendant stated the Government's summarization of the written plea agreement corresponded with his understanding of same. Defendant stated he understood the terms of the written plea agreement and that it contained the whole of his agreement with the Government and no promises or representations were made to him by the Government other than those terms contained in the written plea agreement. The Court **ORDERED** the written Plea Agreement filed.

1

Thereupon, the Court placed Defendant under oath, and thereafter inquired of Defendant's counsel as to Defendant's understanding of his right to have an Article III Judge hear his plea and his willingness to waive that right, and instead have a Magistrate Judge hear his plea. Thereupon, the Court inquired of Defendant concerning his understanding of his right to have an Article III Judge hear the entry of his guilty plea and his understanding of the difference between an Article III Judge and a Magistrate Judge. Defendant stated in open court that he voluntarily waived his right to have an Article III Judge hear his plea and voluntarily consented to the undersigned Magistrate Judge hearing his plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of his counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Scott William Jones, only after having had his rights fully explained to him and having a full understanding of those rights through consultation with his counsel, as well as through questioning by the Court.

The Court **ORDERED** the written Waiver and Consent to Enter Guilty Plea before a Magistrate Judge filed and made part of the record.

The undersigned then reviewed with Defendant Count Three of the Indictment, charging him with aiding and abetting other persons in unlawfully, knowingly and intentionally distributing

approximately 1.7 grams of cocaine base, also known as "crack," within 1000 feet of the Stealey Avenue Playground, in violation of Title 21, United States Code, Sections 841(a)(1), 841 (b)(1)(C), and 860, and Title 18, United States Code, Section 2; his rights pursuant to F.R. Cr. P 5; the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in Count Three of the Indictment; the impact of the sentencing guidelines on sentencing in general; and inquired of Defendant as to his competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against him, and understood the possible statutory maximum sentence which could be imposed upon his conviction or adjudication of guilty on that charge was imprisonment for a term of at least one (1) year and not more than forty (40) years; understood that a fine of not more than $2,000,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood he would be subject to at least six (6) years of supervised release; and understood the Court would impose a special mandatory assessment of $100.00 for the felony conviction payable on or before the date of sentencing. He also understood he might be required by the Court to pay the costs of his incarceration and supervised release.

The undersigned Magistrate Judge further examined Defendant relative to his knowledgeable and voluntary execution of the written plea bargain agreement dated December 21, 2005, and signed by him on January 5, 2006, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge further inquired of Defendant, his counsel and the Government as to the non-binding aspects of said written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of

a plea of guilty to the felony charge contained in Count Three of the Indictment, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned further inquired of Defendant, his counsel, and the government, as to the non-binding Stipulation contained in the written Plea Agreement, that provides:

> Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate and agree that, on or about November 1, 2005, at or near Clarksburg, Harrison County, West Virginia, the defendant, aided and abetted by other persons known and unknown to the Grand Jury, unlawfully, knowingly, and intentionally distributed approximately 1.7 grams of cocaine base, also known as "crack" within 1000 feet of the Stealey Avenue Playground. The parties further stipulate and agree that the defendant's total relevant conduct in this case is at least 5 grams but less than 20 grams of cocaine base.

The undersigned then determined that Defendant understood the Court is not bound by the above stipulation and is not required to accept same. Defendant further understands and agrees that should the Court not accept the above stipulation, he will not have the right to withdraw his plea.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Court Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw his guilty plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted his plea of guilty to the felony charge contained in Count Three of the Indictment, Defendant would not be permitted to withdraw

his guilty plea even if the Judge refused to follow the non-binding recommendations and stipulation contained in the written plea agreement and/or sentenced him to a sentence which was different from that which he expected. Defendant and his counsel each acknowledged his understanding and Defendant maintained his desire to have his plea of guilty accepted.

The undersigned further examined Defendant with regard to his understanding of the impact of his conditional waiver of his direct and collateral appeal rights as contained in his written Plea Agreement, and determined he understood those rights and voluntarily gave them up as part of the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant Count Three of the Indictment, including the elements the United States would have to prove at trial, charging him with aiding and abetting other persons in unlawfully, knowingly and intentionally distributing approximately 1.7 grams of cocaine base, also known as "crack," within 1000' of the Stealey Avenue Playground in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C) and 860, and Title 18, United States Code, Section 2.

The Court then received the sworn testimony of Clarksburg, West Virginia Police Sgt. Robert Cook, and Defendant's under-oath allocution to or statement of why he believed he was guilty of the charge contained in Count Three of the Indictment.

Sgt. Cook testified he is assigned to the Harrison County Drug Task Force. In November 2005, he was involved in an investigation of Defendant and others for selling crack cocaine. On November 1, 2005, the Task Force did a controlled buy. Defendant was at the site where that

controlled buy took place. He asked the confidential informant for a ride home. During the ride Defendant told the confidential informant he could get him "another 8-ball" of crack cocaine. The confidential informant told the Task Force officers, who decided to go through with the deal. The confidential informant then telephoned Defendant and told him to call him back. Defendant called the confidential informant later. The Task force then sent the confidential informant to Defendant's apartment at 519 Milford Street, Apt. 3, Clarksburg, West Virginia, within the Northern district of West Virginia. The confidential informant was supplied by the Drug Task Force with $250.00. Defendant and the confidential informant met at the apartment. Defendant left the apartment to go outside to meet another individual in a car. He got crack from that person and returned to the apartment where he sold the crack to the confidential informant. The controlled buy was recorded digitally. 519 Milford Street is within 1000 feet of the Stealey Avenue Playground, as ascertained on the County Assessor's Map, and also by observation, as the playground is just across the street from the apartment. The playground has three or more separate apparatuses.

Defendant testified he was guilty of the charge in Count Three of the Indictment and confirmed Sgt. Cook's testimony regarding the events that form the basis for Count Three of the Indictment.

From the testimony of Sgt. Cook, the undersigned Magistrate Judge concludes the offense charged in Count Three of the Indictment is supported by an independent basis in fact concerning each of the essential elements of such offense. Defendant's allocution and the parties' stipulation support this conclusion.

Thereupon, Defendant, Scott William Jones, with the consent of his counsel, James Zimarowski, proceeded to enter a verbal plea of guilty to the felony charge contained in Count Three of the Indictment.

After having cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11, the undersigned Magistrate Judge determined that Defendant's guilty plea was knowledgeable and voluntary as to the charge contained in Count Three of the Indictment and was supported by an independent basis in fact. The undersigned Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in Count Three of the Indictment herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said Count Three of the Indictment and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984),

cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

It is further **ORDERED** that Defendant be continued in the custody of the United States Marshal pending a bond revocation hearing to be held in this matter.

The Clerk of the Court is directed to mail an authenticated copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 15th day of February, 2006.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE